* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and oral arguments before *Page 2 
the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Harris with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing, and in the executed Pre-Trial Agreement, as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An Employee/Employer relationship existed between Rhonda P. Sherrill and Signature Seating, Inc. on the date of the alleged date of injury.
3. The plaintiff's average weekly wage was $769.00 per week. However, the maximum average weekly wage for 2004 was $688.00 per week.
4. It is contested that the plaintiff suffered an injury by accident or by specific traumatic incident on or about January 28, 2004.
5. It is further contested that the injury or disease arose out of and in the course of employment with the defendant-employer and that it is compensable.
 * * * * * * * * * * * EXHIBITS
1. The following documents were accepted into evidence by the Deputy Commissioner as stipulated exhibits:
 a. Exhibit 1: Executed Pre-Trial Agreement;
 b. Exhibit 2: Medical Records; and *Page 3 
 c. Exhibit 3: AFLAC Claim Form.
2. The following documents were accepted into evidence as Plaintiff's exhibits:
 a. Exhibit 1: Medical records; and
 b. Exhibit 2: Phone record.
3. A transcript of the deposition of Dr. Alfred Geissele was also received after the hearing before the Deputy Commissioner.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was fifty-one years old and had completed her G.E.D. The plaintiff began working for the defendant-employer as its director of manufacturing in January 2001.
2. The plaintiff contends that, at around 1:15 a.m. on January 28, 2004, after staying late to complete orders, she slipped on ice while exiting the defendant-employer's premises, twisting her back. The plaintiff contends that, when she slipped, she began to fall backwards but her boss, Don McMullin, caught her by her right arm before she hit the ground.
3. The plaintiff contends that, as a result of her alleged slip on January 28, 2004, she injured her back.
4. Later that same day, the plaintiff went to the emergency room at Frye Regional Medical Center complaining of back and left hip pain. She told the triage nurse that she had a history of chronic back pain and that her current symptoms had lasted several days but were worse that morning when she got out of bed. The plaintiff further stated that she was not sure *Page 4 
how or when her symptoms began but that the onset occurred at home. At the emergency room, the plaintiff did not mention any alleged slip, even though it would have occurred less than twelve hours previously.
5. The day after her alleged injury, the plaintiff presented to Dr. Stephen J. Sladicka on January 29, 2004. The plaintiff told Dr. Sladicka that she had been suffering from back pain for two to three months, and she stated that she did not know of any injury that caused it. She did not mention any alleged slip the day before.
6. Dr. Sladicka completed an AFLAC disability application for the plaintiff on February 4, 2004. On the application, Dr. Sladicka stated that the plaintiff had sustained an "accidental injury" on January 23, 2004, but that there was "no known injury."
7. The plaintiff saw Dr. Sladicka several more times without mentioning any alleged slip at work on or about January 28, 2004.
8. The defendant-employer terminated the plaintiff from her job on March 18, 2004.
9. Dr. Sladicka referred the plaintiff to Dr. Deloy Oberlin for pain management. The plaintiff presented to Dr. Oberlin on May 5, 2004, and told him she began to walk with a limp, with pain in her left hip and leg, on January 28, 2004. This was the first documented mention that the plaintiff made of any alleged incident on January 28, 2004. Still, she did not mention any alleged slip.
10. On August 30, 2004, the plaintiff told Dr. Sladicka that she had slipped on ice in January of 2004 and "this started all of her symptoms." This was the first documented mention that the plaintiff made of any alleged slip in January of 2004. Dr. Sladicka referred the plaintiff to Dr. Alfred E. Geissele. *Page 5 
11. The plaintiff presented to Dr. Geissele on October 29, 2004. The plaintiff stated that she had an 11-month history of left leg pain, and Dr. Geissele noted a "fairly insidious onset."
12. On January 25, 2005, the plaintiff underwent laminectomies at L3, L4 and L5 with Dr. Geissele.
13. On March 10, 2005, Dr. Geissele noted that the plaintiff had "concerns about her injury and whether this was caused by a fall in January when her symptoms started." This was the first time in which the plaintiff apparently mentioned the alleged January 28, 2004 incident to Dr. Geissele.
14. When asked at the hearing before the Deputy Commissioner as to why she did not report her alleged slip from the day before to Dr. Sladicka on January 29, 2004, the plaintiff testified that she did not think about it. She testified that it was around May or June 2004 that she first suspected a relationship between the alleged slip and her symptoms, but that she did not file a workers' compensation claim at that time because she did not want to "hurt" the defendant-employer. The plaintiff testified that she first spoke with Mr. McMullin, her former boss, about a possible workers' compensation claim in about October 2004.
15. The plaintiff filed a Form 18, dated January 3, 2005, alleging her January 28, 2004 slip.
16. Mr. McMullin, the plaintiff's former boss, did not recall the alleged slipping incident. He further testified that, because the door that he and the plaintiff would have used to exit the defendant-employer's plant was just wide enough for one person, it would not have been possible for him to catch the plaintiff by the arm, during any fall, in the manner in which the plaintiff described. *Page 6 
17. Mr. McMullin further testified that, when the plaintiff first mentioned a possible workers' compensation claim to him in late 2004, she did not mention any alleged slip on ice; rather, her first mention to him of the alleged slip was after the initiation of the claim.
18. Sandra Eckard, the plaintiff's former co-worker, testified that she observed the plaintiff limping in December 2003 and that the plaintiff never told her that she had slipped on ice.
19. Based upon the credible evidence of record, the Full Commission finds that the plaintiff has not shown that she slipped on ice on or about January 28, 2004 and, thus, has not carried her burden of proving that she sustained a compensable injury by accident or by specific traumatic incident on or about January 28, 2004.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. The plaintiff has failed to provide sufficient evidence to show that she sustained a compensable injury by accident or by specific traumatic incident on or about January 28, 2004. N.C. Gen. Stat. §97-2(6). Thus, the plaintiff is not entitled to recover any compensation from defendants in this claim. Id.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following: *Page 7 
 ORDER
1. The plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and hereby is, DENIED.
2. Each side shall bear its own costs.
This 11th day of July 2007.
 S/____________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ DANNY LEE McDONALD COMMISSIONER *Page 1